UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:21CV-281-CRS

DAVID WAYNE FERGUSON                                                               PLAINTIFF

v.

KENNETH HAROLD GOFF II *et al.*                                          DEFENDANTS

**MEMORANDUM OPINION**

        Plaintiff David Wayne Ferguson filed the instant *pro se* action proceeding *in forma pauperis*.  A review of the complaint reveals that this Court lacks jurisdiction over the subject matter of the action, and the Court will dismiss the case.

**I. ALLEGATIONS**

        Plaintiff names as Defendants Circuit Court Judge Kenneth Harold Goff II and Douglas Patrick Vowels, who Plaintiff identifies as the Master Commissioner for Meade and Grayson Counties.  Plaintiff indicates that the basis for the Court's jurisdiction is federal-question jurisdiction.  Where the complaint form requests the filer to list the specific federal statutes or constitutional provisions at issue, Plaintiff states, "18 U.S. Code § 117 Conspiracy to Murder"; "18 U.S.C. Chapter 96-Racketeer Corruption"; and "Site:  Owens v. Independence, 445 U.S. 622 (1980)."  Where the form asks the filer to provide information regarding the basis for diversity jurisdiction, Plaintiff leaves the section blank, with the exception of the amount in controversy, for which Plaintiff states, "Real property theft, the defendants set a course for intent to do bodily harm."

        In the "Statement of Claim" section of the form, Plaintiff asserts, "Property was sold to the DWF Irrevocable Trust at public auction at the courthouse, the defendants re-auction agian and set one against the other assuming they would [illegible] each other then they being

representatives of the county could take the proceeds again; win, win, situation. Malum in se evil."

In the "Relief" section, Plaintiff states,

I pray this court for them to leave me alone. Intentional infliction of emotional distress (IIED). I'm 64 years old now, they have constantly for 4 years bomarded me with legal abuse of authority. Kenneth Harold Goff II was a witness to blackmail in his hearing room. Told Officer Danny Knell not to sign the plaintiffs witness statement. Douglas Vowel, witness it and conspired to steal the real property even by death.

## II.  ANALYSIS

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power

authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Federal courts have an independent duty to determine whether they have jurisdiction and to "'police the boundaries of their own jurisdiction.'" *Id.* at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. To satisfy this burden, the complaint must allege "the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

In the present case, Plaintiff has not met his burden of establishing federal question jurisdiction under 28 U.S.C. § 1331. The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint." *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys.*, 287 F.3d 568, 573 (6th Cir. 2002). Put another way, "a case arises under [federal-question jurisdiction] when it is apparent from the face of the plaintiff's complaint . . . that the plaintiff's cause of action was created by federal law." *Id.*; *see also Gunn v. Minton*, 568 U.S. 251, 257, (2013) ("A case arises under federal law when federal law creates the cause of action asserted.").

Plaintiff cites two federal criminal statutes as the basis for the Court's jurisdiction. However, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."). A "private citizen . . . has no

3

authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004).  Thus, Plaintiff cannot establish subject-matter jurisdiction by citing to these criminal statutes.  Plaintiff additionally cites *Owen v. Independence*, 445 U.S. 622 (1980).  In that case, the Supreme Court held that qualified immunity does not apply to a local entity or its employees sued in their official capacities.  *Id.* at 638.  The case provides no basis for the Court's subject-matter jurisdiction over the action.

Further, Plaintiff fails to establish diversity jurisdiction.  For a federal court to have diversity-of-citizenship jurisdiction pursuant to § 1332, there must be complete diversity—which means that each plaintiff must be a citizen of a different state than each defendant—and the amount in controversy must exceed $75,000.  *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Plaintiff fails to establish diversity jurisdiction as there is not complete diversity of citizenship since he and both Defendants are citizens of Kentucky.  *See* 28 U.S.C. § 1332.

Accordingly, Plaintiff has failed to establish that the Court has subject-matter jurisdiction over this action, and the Court will dismiss this action by separate Order.[1]

Date:   September 1, 2021

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
       Defendants
4411.010

---

[1] Plaintiff also filed a motion for leave to amend the complaint (DN 5).  Because the Court lacks subject-matter jurisdiction, the Court will deny the motion as moot.  However, the Court has reviewed the motion and finds that it supports dismissal for lack of subject-matter jurisdiction.

4